UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
 :
UNITED STATES OF AMERICA                    :
 :
       -v-                                              :                19-CR-906 (JMF)
 :
JOHN GONZALEZ,                             :                MEMORANDUM OPINION
 :                       AND ORDER
                       Defendant.          :
 :
---------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      Defendant John Gonzalez is detained at the Metropolitan Correctional Center ("MCC"), awaiting trial on charges of discharge of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i), (ii), and (iii), and 2; and possession of ammunition after having been convicted of a felony, in violation of 18 U.S.C. § 922(g). Gonzalez now moves for "temporary release" on bail pursuant to 18 U.S.C. § 3142(i), on the ground that "[t]he current COVID-19 pandemic . . . make[s] [his] continued detention at the [MCC] potentially life-threatening" and because the BOP "has severely prejudiced [his] Sixth Amendment right to counsel" by providing for only unscheduled legal calls. ECF No. 17 at 1, 6. The Government opposes his motion. ECF No. 19. Gonzalez was invited to submit a reply, *see* ECF No. 18, but he did not.

      There is no dispute that the Court has authority to grant Gonzalez temporary release pursuant to Section 3142(i), which provides that a court "may . . . permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." *See also United States v. Perez*, No. 19-CR-

297 (PAE), 2020 WL 1329225, at *1 (S.D.N.Y. Mar. 19, 2020) (granting release pursuant to Section 3142(i) in light of COVID-19); *United States v. Stephens*, No. 15-CR-95 (AJN), 2020 WL 1295155, at *2 (S.D.N.Y. Mar. 19, 2020) (same).  In considering whether there is a "compelling reason" for a defendant's release under this provision, however, a court must "balance the reasons advanced for such release against the risks that were previously identified and resulted in an order of detention.  In turn, whether temporary release under § 3142(i) is proper requires the individualized analysis of the facts of each case." *United States v. Cox*, No. 2:19-CR-271 (RFB) (VCF), 2020 WL 1491180, at *2 (D. Nev. Mar. 27, 2020).  The current COVID-19 pandemic does not mean that every defendant is entitled to release.

      Applying that analysis here, the Court concludes that Gonzalez's motion must be and is denied.  First, Gonzalez is, by all accounts, not at any special health risk relative to others incarcerated at the MCC.  He is twenty-four years old, and he does not claim to have any underlying health conditions.  Second, Gonzalez fails to demonstrate that temporary release is "necessary" for the preparation of his defense because, among other things, his trial is not scheduled for another five months.  *Cf. Stephens*, 2020 WL 1295155, at *3 (concluding that temporary release was justified in part to enable the defendant to prepare for an evidentiary hearing scheduled for six days later); *United States v. Kennedy*, No. 18-20315, 2020 WL 1493481, at *4 (E.D. Mich. Mar. 27, 2020) (concluding similarly as to a pre-sentencing hearing scheduled for two months later).  And finally, Gonzalez fails to demonstrate that, balancing the reasons advanced for release against the risks posed by release, there is "another compelling reason" favoring release.  In light of Gonzalez's repeated failure to make scheduled appearances in connection with other prosecutions, the Court is not confident that Gonzalez would appear as required in this case if he were released.  And Gonzalez is "far too great a danger to the

community to justify his release." *United States v. Conley*, No. 19-CR-131 (PAE), ECF No. 366, at 2 (Mar. 31, 2020) ("*Conley Order*").  That conclusion is based on the nature of the present charges (which include allegations that Gonzalez was involved in a drug-trafficking-related shooting) and Gonzalez's lengthy criminal history, which includes multiple charges of crimes of violence and crimes committed while on parole or pretrial release.  As Judge Engelmayer stated in reference to a similar application: "Simply put, the danger to the community presented by [Gonzalez's] release outweighs, substantially, the danger to himself presented by his incarceration at [MCC]."  *Conley Order* at 2-3.

Accordingly, notwithstanding the Court's view that "the best — perhaps the only — way to mitigate the damage" that COVID-19 is likely to cause in jails and prisons "is to decrease the jail and prison population by releasing as many people as possible," *United States v. Nkanga*, 18-CR-713 (JMF), 2020 WL 1529535, at *1 (S.D.N.Y. Mar. 31, 2020), Gonzalez's motion for temporary release is DENIED.  The Clerk of Court is directed to terminate ECF No. 17.

SO ORDERED.

Dated: April 20, 2020
      New York, New York

JESSE M. FURMAN
United States District Judge